IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| KULL AUCTION & REAL ESTATE CO., INC., | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. 5:23-cv-04117-TC-BGS |
| WILLIAM MILLER, | ) ) ) |
| Respondent. | ) ) |

**PETITIONER'S OPPOSED MOTION TO STAY LITIGATION**

Petitioner, Kull Auction & Real Estate Co., Inc. ("Petitioner"), appears by and through undersigned counsel of record. In light of President Trump's February 7, 2025 Executive Order regarding review of ATF actions between 2021 and 2025, Petitioner requests that this litigation, related to ATF's actions between 2021 and 2025, be stayed. Respondent does not consent to Petitioner's request. In support of its motion, Petitioner states:

1. On December 21, 2023, Petitioner filed its Verified Petition for Judicial Review of the ATF's revocation of Petitioner's license as a dealer of firearms, dated November 21, 2023. (Doc. 1.)

2. This matter is set for a two-day bench trial, beginning May 6, 2025.

3. Two motions are currently pending before the Court: Respondent's summary judgment motion (Doc. 56) and Respondent's *Daubert* motion (Doc. 57). Respondent filed these motions on September 13, 2024. The motions are fully briefed pending rulings by the Court.

4. On February 7, 2025, President Trump signed an Executive Order titled "Protecting Second Amendment Rights" (the "Executive Order"). A copy of this Executive Order is attached as Exhibit A.

5. The Executive Order is broad in its terms, requiring the Attorney General to review "all orders, regulations, guidance, plans, international agreements, and other actions." (Exhibit A.)

6. Moreover, the Executive Order specifically requires the Attorney General to review the policy that was applied by the ATF when revoking Petitioner's license in this case. Section 2(b)(iii) of the Executive Order requires the Attorney General to review "[a]gencies' plans, orders, and actions regarding the so-called 'enhanced regulatory enforcement policy' pertaining to firearms and/or Federal firearms licensees." (Exhibit A.)

7. The ATF's revocation of Petitioner's license plainly falls within the ambit of the Executive Order, and the Attorney General, through the ATF, will be required to review the revocation of the Petitioner's license in this case. This review could alter the ATF's current position in the litigation, warranting a stay of proceedings, including all pending case deadlines and rulings on Respondent's pending motions.

8. The ATF has taken the position in other litigation that the Executive Order warrants a stay of litigation. Attached as Exhibit B are a motion and subsequent order from the Eleventh Circuit Court of Appeals in *Colon v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 24-10897, postponing oral argument and holding the appeal in abeyance. (Exhibit B.) In *Colon*, the ATF asked the Court to hold the case in abeyance, stating "[a]n abeyance will conserve party and judicial resources and promote the efficient and orderly disposition of this appeal, including by ensuring that litigation is focused on enduring agency action and informed by the views of current agency leadership." (Exhibit B.)

9. Petitioner's position in this case is the same as the ATF's position in *Colon*. A stay will preserve resources and promote orderly and efficient disposition of this case. With motions in the case fully briefed, a stay will allow the ATF to review the decision to revoke

107716244.1
4934-9682-6913

Petitioner's license in light of the Executive Order and could alter the ATF's position in the case, potentially obviating the need for a decision from the Court on the pending motions. Moreover, the current scheduling order will require the parties to expend significant resources leading up to the currently-scheduled trial on May 6, 2025.

10. A trial court has broad discretion to stay an action against a party to promote judicial economy. *See United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) ("The fact that [a] [d]istrict [c]ourt has jurisdiction does not necessitate a possible waste of judicial resources"); *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014). Courts in this district consider five factors when deciding whether to "stay all proceedings in a case: (1) plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to plaintiffs of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest." *Spears v. Mid-America Waffles, Inc.*, No. 11-2273-CM, 2012 WL 12837278 (D. Kan. March 8, 2012).

11. The factors the Court is to consider in evaluating Petitioner's motion weigh in favor of granting the motion. There will be no prejudice to either party by staying this case pending further review per the recent Executive Order. Whereas a denial of the motion to stay could potentially prejudice both parties and, undoubtedly, will prejudice the Petitioner given the Executive Order and potential impact it has on Respondent's position. Conversely, there will be no burden on the Respondent in staying the case pending the review directed by the Executive Order. Likewise, a stay of the case will be convenient for the Court and the parties, and it will free up the Court's time and resources to devote to other matters. Finally, the public interest, and interests of non-parties to the litigation, weigh heavily in favor of a stay as it will give the Attorney General, through the ATF, the opportunity to review the impact of the Executive Order on

Petitioner's license revocation. The review process will also ensure that the Executive Order, and related administrative actions, are handled consistently, uniformly and equally.

12. Counsel for Petitioner has communicated with counsel for Respondent regarding this request, and Respondent opposes this motion.

WHEREFORE, Petitioner respectfully requests this litigation be stayed and for any other relief the Court deems just and proper.

Respectfully submitted,

*s/ Greg A. Drumright*
Greg A. Drumright     KS #20743
MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.
645 E. Douglas, Suite 100
Wichita, Kansas 67202
Tele: (316) 265-9311; Fax: (316) 265-2955
gadrumright@martinpringle.com

Samuel P. Heaney     KS #26399
MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.
9401 Indian Creek Parkway
Building 40, Suite 1150
Overland Park, KS 66210
Tele: (913) 491-5500; Fax: (913) 491-3341
spheaney@martinpringle.com

Camden R. Webb (*admitted pro hac vice*)
WILLIAMS MULLEN
301 Fayetteville St., Suite 1700
Raleigh, NC 27601
Tele: (919) 981-4021; Fax: (919) 981-4300
crwebb@williamsmullen.com

John G. Tamasitis (*admitted pro hac vice*)
WILLIAMS MULLEN
1230 Main Street, Suite 330
Columbia, SC 29201
Tele: (803) 567-4617; Fax: (803) 567-4601
jtamasitis@williamsmullen.com
ATTORNEYS FOR KULL AUCTION

107716244.1
4934-9682-6913

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 28th day of February, 2025, the above and foregoing pleading was filed electronically via the CM/ECF system, which will notify all parties of record.

               *s/ Greg A. Drumright*
               Greg A. Drumright